a reasonable oversight, supervision, and inspection to see that the wire and the pole were kept in a safe and suitable condition. Therefore the claim of the plaintiff is that they failed—entirely failed, according to the evidence in the case—to maintain such oversight and supervision after the pole was erected, and that in consequence of that failure on the part of the defendant that the insulation of the wire .was worn, and the wire itself came in contact with the brace, and created a condition of things which resulted in this man's death."

He then proceeded to submit carefully the question of whether the deceased was guilty of contributorv negligence to the jury, and, in response to a request that he charge the jury "that there is no evidence sufficient to warrant the jury in finding that when Dwyer received his fall there was any apparent trouble or defect in the defendant's system of wires other than the alleged defect of the wire in contact with the brace on the pole in question," he observed: "There is no direct evidence of it. I do not know there is any." The counsel for the plaintiff then said, "I admit there is no direct evidence, but I think there is inferential evidence." We think the court was not called upon to go any further in its charge, or to restate its response to the requests as made. Upon the whole case we are of the opinion that the evidence warranted the jury in finding that the defendant was guilty of negligence, and that the plaintiff was free from contributory negligence, and that the negligence of the defendant was the proximate cause of the death of the intestate, and that the learned trial judge committed no error in refusing the motion for a new trial on the minutes; and we therefore affirm the order.

Order affirmed, with costs. All concur.

---

In re POUGHKEEPSIE & E. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

TAXATION—REVIEW OF ASSESSMENT.

> Where the value put on relator's railway by town assessors was not excessive under the evidence, the assessment will not be reduced on certiorari, as the assessors had jurisdiction of the subject of taxation, and of relator so far as the railway was in the town, and their acts will not be reviewed, in the absence of evidence that they were capricious or arbitrary.

Appeal from special term, Dutchess county.

Application by the Poughkeepsie & Eastern Railway Company for a reduction of the assessment of its property by a writ of certiorari. From an order denying the writ, petitioner appeals. Affirmed.

The following is the opinion of Mr. Justice BARNARD at special term:

No case is made for a reduction of the assessment by a writ of certiorari. The assessors had jurisdiction of the subject of taxation, and of the relator, so far as the railroad was in the town. The general rule is that where a body of assessors have made the assessment, using their judgment, and not capriciously or in an arbitrary manner, the assessment will not be reviewed. People ex rel. Edison Electric Illuminating Co. v. Barker, 139 N. Y. 55, 34 N. E. 722; People ex rel. Edison General Electric Co. v. Barker, 141 N. Y. 251, 36 N. E. 196; People ex

rel. Equitable Gas Light Co. v. Barker, 144 N. Y. 102, 39 N. E. 13. In the absence of evidence to the contrary, the assessors are presumed to have done their duty. People ex rel. Manhattan Ry. Co. v. Barker, 146 N. Y. 304, 40 N. E. 996. Upon the evidence, the value put upon the land is not excessive. The railroad owns a strip of suburban and farm land adjacent to the city of Poughkeepsie, some 66 feet in width, and some 3 miles in length. The present corporation bought a road of 34 miles for $50,000 and over, on foreclosure, and at once put it in order, at an expense of $150,000, or about that sum. The road is not completed. From Stissing to Pine Plains it has not been built, but the corporation obtained a right to use the track of another road for that distance. At the actual cost paid for it at a recent sale, the road is worth for its whole length $6,000 a mile. A reasonable discrimination in favor of the town land next to the city of Poughkeepsie may properly be made, and it was made in respect to the two other roads running through the town. Under the proof given on the trial, the assessment appealed from cannot be reduced.

Motion denied, with $10 costs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frank B. Lown, for appellant.
Wood & Morschauser, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of special term. All concur.

---

(21 Misc. Rep. 35.)

### NATIONAL KEG & BOX CO. v. BAKER.

#### (Supreme Court, Appellate Term. July 29, 1897.)

CONTRACT OF SALE—DISAFFIRMANCE BY VENDEE.

Defendant refused to accept certain boxes, delivered to him by plaintiff under a contract, claiming that they were defective. To the agent of plaintiff who called upon him, and suggested defendant's paying a sum less than the contract price, defendant said he would give such sum, adding that, if plaintiff did not send a bill for it at once, the boxes would be subject to storage charges. No bill was sent, and defendant retained the boxes. *Held*, that defendant was bound to act promptly in disaffirming the contract, and, not having done so, was liable for the full price of the boxes.

Appeal from Third district court.

Action by the National Keg & Box Company against William H. Baker to recover for certain boxes manufactured and delivered. Defendant pleaded breach of contract, refusal to accept the boxes, and an agreement by which defendant was to return the boxes and pay $25. Judgment for plaintiff for $25 and costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry L. Maxson, for appellant.
John Vincent, for respondent.

DALY, P. J. The plaintiff, a manufacturer of wooden boxes, supplied them to defendant upon the latter's orders from time to time, and this action is brought to recover for 540 boxes, at the agreed price of $130.04, which were delivered on October 31, 1894, upon